RENDALL & CO. *v.* UNITED STATES (No. 2575) [1]

REMISSION OF ADDITIONAL DUTY NOT PREDICATED ON APPRAISEMENT APPEAL.
  The fact that importers did not appeal to reappraisement is not ground for denial by the Board of United States General Appraisers of their petition under section 489, Tariff Act of 1922, for remission of additional duty imposed for under-valuation. The invoice stated that the merchandise was not subject to any tax, but the appraiser added one. A member of the importing firm testified that he made the entry relying on the invoice; that the member of the firm who made the purchase was informed that the tax was included in the price; that he had no knowledge of the tax added by the appraiser, and that he had no fraudulent intent. He was not contradicted or in any way discredited, and the petition should have been granted.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, Abstract 48884

[Remanded.]

*Brooks & Brooks* (*Frederick W. Brooks, jr.,* of counsel) for appellants.
*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General, for the United States.

[Oral argument December 10, 1925, by Mr. Brooks, jr., and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Board of General Appraisers denying a petition for remission of additional duties under paragraph 489 of the Tariff Act of 1922.

That paragraph has been recently and so many times construed by this court that it is unnecessary here to refer to it other than to say that, in substance, it requires the importer to prove that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

---

[1] T. D. 41427.

The merchandise was imported from Belgium. The invoice filed on entry contained the following statement:

The above merchandise is not subject to any tax either export or domestic. I further declare that the invoice is correct and true.

The examiner did not accept this statement as conclusive and indorsed on the invoice—

Appraised at invoice units plus transmission tax 1 per centum.

The examiner's action was adopted by the appraiser and resulted in an additional duty of $3.36. No appeal to reappraisement was taken by the importers.

From the foregoing, it is clear that the appraiser found the entered value of the merchandise, exclusive of any tax, to be as stated in the invoice, so that the real question is, was there any intent on the part of importers to defraud the revenue, to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise in failing to add the one per centum tax? It is to be presumed that it should have been added to make dutiable value.

A member of the importing firm who made the entry, and who was the only witness called by importers, testified that the invoice price was the price paid for the merchandise; that when the entry was made he had no knowledge of any tax of one per centum applicable to the importation; that he believed this was the first shipment of merchandise his firm had received from Belgium since the war; that his partner who made the purchase in Belgium was informed, at the time the purchase was made, that the tax was included; that he saw the notation on the invoice before he made the entry; and that at the time he made the entry he did not intend to deceive the appraiser or withhold any facts from the customs officials in connection with making the entry at the invoice and purchase price.

This testimony was wholly uncontradicted.

The Government called one witness, the examiner who passed the merchandise, and the substance of his testimony is that he added one per centum as "a transmission tax." Whether or not that tax was included in the invoice price he did not undertake to say nor did he say that this importation was subject to that tax. He did not testify that any misrepresentations were made to him by the importers.

At the close of the hearing one of the general appraisers constituting the board said:

· Even if it is a fact that there is such a tax, it would not warrant us in believing that this firm sought to undervalue the goods to the extent of one per centum, in view of the statement upon the invoice which I, myself, would understand to mean that there was no tax upon this merchandise, either domestic or export. It would read that way to me. It isn't a question of good faith.

The material part of the board's opinion is as follows:

This is another case in which it was not attempted to dispute the value found by the appraiser.

The truth of the invoice statement that the merchandise is not subject to any tax could have been brought out on reappraisement, and if it is true it was not subject to this tax by law and custom the value as shown on the invoice would have been sustained.

How was the importer deceived in this case as to market price? He relied upon this statement, he claims. The appraiser added it back. The appraiser must have found that it was subject to an export or domestic tax. The importer was not deceived, for he knew that was the very issue, and he entered the merchandise with knowledge of that condition. He did not attempt to sustain the allegation of the invoice that the merchandise was not subject to either export or domestic tax.

The facts in this case do not warrant a remission, and the petition is denied.

We think it is apparent from this opinion that the judgment went against the importers below, because no appeal had been taken to reappraisement, which, of course, was error.

But if the board intended by the denial of the petition to find that the importers had not established their claim, on the merits, we think, in view of what already appears, such finding was clearly contrary to the weight of the evidence.

It was not necessary for importers to show that the merchandise was not subject to an export or domestic tax, as the board seems to indicate, but rather to establish that they had no intent to defraud the revenue, conceal or misrepresent the facts, or deceive the appraiser in the matter of the added tax.

Under the circumstances disclosed, we think importers did this; they had a right to rely upon the information obtained by one member of their firm in Belgium, and the statement in the invoice, and the board should have granted the petition.

The judgment below is therefore reversed and the cause *remanded.*