UNITED STATES *v.* FRANK P. DOW CO., INC. (PACIFIC CHEMICAL CO.)
(No. 3047[1])

[1] T. D. 42875.

United States Court of Customs Appeals, June 12, 1928

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.
*Richard Neville* for appellee.

[Oral argument April 10, 1928, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Cresol, imported on June 30, 1926, at the port of Los Angeles, Calif., was entered for consumption on July 2, 1926, at its invoice value, which was its foreign value and export value. The merchandise was appraised by the appraiser on July 20, 1926, at the American selling price of the similar competitive domestic product, an advance of more than 100 per centum over the foreign and export value of the merchandise. The collector on October 29, 1926, classified the cresol as a coal-tar product dutiable at 7 cents per pound and 40 per centum ad valorem under paragraph 27 of the Tariff Act of 1922. The importer on December 15, 1926, filed his petition for the remission of the additional duties assessed against the merchandise because the appraised value exceeded the entered value. The United States Customs Court granted the importer's petition, and from that judgment the Government appealed.

The verified petition for remission alleges that the importer was of the opinion that cresol, being practically the same as creosote oil, was free of duty under the provisions of paragraph 1549; that before making entry of the merchandise, the importer took up the matter with the customhouse and was informed by the appraiser that it would be all right to enter the merchandise at the invoice price; that the entered value covered the wholesale foreign value and the wholesale export value; that the entry was made without any intention to defraud the revenue or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise.

On the hearing of the petition, Thomas K. Clark, manager of the Pacific Chemical Co., testified that before the merchandise was ordered he took up the matter with the appraiser and was informed by that official that the goods were dutiable at 7 cents per pound and 55 per centum ad valorem on the invoice price; that the goods would not have been purchased if the Pacific Chemical Co. had known that they would be assessed for duty at their American selling price, and that the company had no knowledge that that was the dutiable value of the goods until about one month after the goods

had been delivered to the company by the customs officials; that before the goods were shipped they had to be paid for by draft, and that the invoice price was the actual amount paid for the goods; that at the time of entry similar merchandise of American manufacture was selling in the United States for identically the same price as that at which the importation was entered as shown by regular quotations "from different manufacturers, from different firms."

On the face of his appraisement the appraiser made the following statements in writing: "Adv. 100%. Inv. correct as to price paid. Adv. to make American selling price as noted. No fraud apparent."

The importer was presumed to know the law. But, even if the importer was chargeable with a chemical knowledge of distillates of coal tar and what tar acids they would produce at different temperatures, the fact is he did not know and tried to find out. He went to the appraiser's office, that branch of the customs service which is not only specially charged with the examination of merchandise but has the expert personnel to ascertain the facts and factors which determine classification. He was told by the appraiser that cresol was not free of duty but dutiable at $7\frac{1}{2}$ cents per pound and 40 per centum ad valorem on the invoice value.

We think that the importer acted in good faith and that the United States Customs Court was fully warranted in making the finding from which this appeal was taken.

The judgment of the United States Customs Court is, therefore, *affirmed.*