INTERNATIONAL FORWARDING CO. (INTERNATIONAL OXYGEN CO.) *v.* UNITED STATES (No. 3147)[1]

---

[1] T. D. 43377.

United States Court of Customs and Patent Appeals, April 29, 1929

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[Oral argument April 2, 1929, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal by the International Forwarding Co. (International Oxygen Co.) from a decision and judgment of the United States Customs Court denying the company's petition for a remission of additional duties assessed by the collector under section 489 of the Tariff Act of 1922.

The facts are as follows: The International Oxygen Co. of Newark, N. J., purchased from the Heylandt Gesellschaft für Apparatebau m. b. H. of Berlin, Germany, an oxygen-rectification column for the sum of $8,000, installed at the former's plant in New Jersey.

The purchase price of $8,000 was to be the complete cost to the purchaser, including crating and packing, freight in Germany, ocean freight, insurance, unloading charges, duty, royalty, freight in the United States—in brief, all charges up to and including installation so that the mechanism should be in a state ready for operation.

It seems to have been imported May 14, 1925, by appellant acting for the German company. On May 27, 1925, appellant made entry, as per the consular invoice of $4,000, at $3,967.50, having deducted from this invoice $30 for insurance and $2.50 consular fees. Various items, including $1,800 royalty, $1,200 estimated duty, freight, and handling charges, were not included in the consular invoice, but appeared in a private invoice forwarded by the German company to the purchasers under date of May 18, 1925, which latter invoice showed a total of $8,024.98.

On June 5, 1925, appellant, evidently having received the private invoice, recalled the entry made under the consular invoice for the purpose of reconsidering the same. This was prior to appraisement and in time to amend the entry so as to make it accord with the facts. On June 15, however, the entry was returned without amendment, the parties in interest electing to stand upon the entry made on the basis of the consular invoice.

Following the ascertainment of the facts, $1,800 was added to the $4,000 invoice price, and additional duties assessed as provided by section 489, Tariff Act of 1922. This $1,800 was the amount of royalty paid by the purchaser to the seller and, as has been stated, was a part of the total purchase price of $8,000.

Appellant filed a petition seeking a remission of the additional duties assessed, which petition was disallowed by the Customs Court and appeal was taken to this court.

The sole question involved is as to remission of duties assessed after reappraisement on account of the royalty fee of $1,800 not being included in the original entry.

It appears that the Heylandt Gesellschaft für Apparatebau had a contract with the Gesellschaft für Linde's Eismaschinen, which was the holder of the patent rights, whereby the former was authorized to manufacture and sell the apparatus, the amount of royalty to be paid in each single case to be fixed in an oral conference after the presentation of the calculation data, which amount of royalty the manufacturer was to charge to its customers. This appears in a report from the special agent of the Government cited in appellant's brief, and is in the form of a quotation by the special agent from a letter written by the holder of the patent rights to the manufacturing company. In this same letter it was stated "The royalty will amount up to 25 per centum of your selling price."

Counsel for appellant urge, therefore, that in the instant transaction there was a special royalty and argue that it might have been intended to cover more that a single transaction. In so doing they fix upon $3,664 as the selling price. This argument is erroneous in that the price fixed upon is erroneous. The price to be paid by the purchaser indisputably was to be $8,000. This included certain items, to be sure, which were not held by the appraiser to be dutiable, but it did include the $1,800 royalty which was correctly held to be dutiable.

Appellant seems to desire the court to conclude that there was, or might have been, a question whether the royalty fee paid in this transaction was for the privilege of buying and selling, or for use, and also suggests that "if the royalty had been paid for the privilege of manufacturing it generally, the royalty should be applied on other shipments and not solely on that particular one."

This argument we understand to be made in support of the contention of good faith on the part of the importer and to lead the court to find that the incorrect entry was made without intent to defraud or deceive the Government or its officials, but this, it seems to the court, disregards the provision of the statute itself, which makes it incumbent upon the petitioner to prove by satisfactory evidence that he had no intent "to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise." Tariff Act, 1922, sec. 489.

This court, in construing this section, has repeatedly held in remission cases that the burden rests upon the person making the

erroneous entry to show by satisfactory evidence a state of facts sufficient to rebut the presumption of intent to defraud, conceal, misrepresent, or deceive as those terms are used in the language quoted supra. *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250; *Steeb & Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 302, T. D. 42475, and cases therein cited.

The purpose for which the royalty fee was paid was certainly within the knowledge of the purchaser and the seller and might easily have been proven if it was otherwise than as the Government contends. In a controversy where the purpose of a payment is vital in the determination of an issue, the court may not be expected to infer that to be a fact which, if really true, is susceptible of satisfactory proof.

A further argument of appellant bearing upon the question of good faith is stated as follows:

The importer in this case was faced with the problem of paying duty on an article worth $5,800 or $4,000, depending on whether a royalty paid on that article was intended for use or not and also on whether one royalty paid on a number of shipments was collectible on one shipment. If the importer entered the goods at $5,800 and the appraiser found that, in his judgment, to be the correct value, the importer had no relief; whereas if the goods were entered at the lower figure of $4,000 and the appraiser, in his judgment, found the goods worth $5,800 the importer could appeal to the courts to determine whether he was correct or not.

We regard this as being unsound for the reason that the importer must have known the purpose for which the royalty fee was paid. It was a matter within his knowledge, and not only that but the record discloses that after the withdrawal of the original entry for reconsideration legal advice was sought and had. The plain words of the statute as construed again and again by the courts should have enabled one with full knowledge of the purpose of the payment of the royalty fee to make the correct entry.

We are cited by the appellant to the case of *United States* v. *Dow*, 16 Ct. Cust. Appls. 304, T. D. 42875, but the facts in that case are very different from the record in this. In the *Dow* case the record disclosed that the importer, being uninformed as to the dutiable value of an importation, sought information from the office of the appraiser himself. The court held that the conduct of the importer in that case showed good faith in an effort to comply with the law.

In the instant case the importer with full knowledge of the facts, and without seeking information or advice from any Government representative or disclosing the full information in possession, chose to take the chance and stand upon the lower entry.

There is no question as to the dutiability of the $1,800. It was concededly a part of the purchase price. It was all paid upon the one transaction, and the machine could not have been bought except

by the purchaser agreeing to so pay it. It is worthy of note that this particular machine was not a standard one, but seems to have been one especially manufactured to fill this particular order. This does not affect the law of the case, but is a factor proper to be considered in connection with other parts of the record in considering the amount and purpose of the royalty fee.

We are unable to find from the record that the petitioners pursued a course such as to bring themselves within the doctrine of honest effort by a prudent man as laid down in the several cases cited in their brief.

The judgment of the Customs Court is *affirmed*.