**No. 53825.**—Tai Wo Tong and Guy B. Barham Company v. United States, petition 6730–R (Los Angeles).

CLINE, Judge: This is a petition for the remission of additional duties accruing under section 489 of the Tariff Act of 1930 due to the undervaluation of merchandise.

The merchandise consisted of Chinese foods and drugs imported on August 2, 1946, and entered on September 3, 1946. Entry was made on the basis of the invoice values and certain of the drug items were advanced in value by the appraiser.

At the trial Newell Burton Ruggles, Jr., testified that he was import manager for H. H. Elder & Co., customhouse broker; that from December 1, 1941, to September 16, 1946, he had been employed by Guy B. Barham; that he prepared the submission sheet and partially prepared the entry in the instant case; that the invoice was submitted to the appraiser in advance of entry; that the customs officials reported that the food prices were "O. K.," but that the drug prices appeared low; that the witness contacted the importer, Tai Wo Tong, to ascertain if he had any other information; that he believed he advised him of the appraiser's tentative opinion with regard to value; that so far as he remembers and as it appears from the file, the importer had no other information; that accordingly the entry was made up on the basis of the invoice values.

Tai Wo Tong, the importer herein, testified that he and his son and his son-in-law own a drug store; that he had imported Chinese drugs from Hong Kong before the war; that after the war he made one importation from the same company, Man Wo Cheong; that he did not know anything about prices but sent a certain amount of money and received merchandise; that he did not have any price lists from Man Wo Cheong; that he trusted his price; that the prices in Hong Kong were so changeable that he knew some people paid more and some paid less; that the prices changed even during a single day.

It was agreed by counsel that the customs agents took from Tai Wo Tong the invoice written in Chinese, had it translated, compared the prices and the descriptions with the consular invoice prices and descriptions, and found that they were in accord.

Counsel for the petitioners stated that the collector issued a notice of appraisement on April 8, 1948; that no appeal was filed within 30 days after that date, but the notice was transmitted to his office so an appeal could be filed, but it was not transmitted or received until June 30, 1948.

It appears from this record that the prices of these items were fluctuating; that the importer knew they were changeable; that he did not know what the market prices were but trusted the shipper of the merchandise; that the appraiser advised the broker that the drug prices appeared low. Under these circumstances a prudent man would have questioned the values given him and would have sought information as to the correctness of them. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453; *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250; *R. W. Gresham* v. *United States*, 27 C. C. P. A. 106, C. A. D. 70; *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. 29, C. A. D. 392; *Stan Newcomb and Barbara Todd* v. *United States*, 37 C. C. P. A. 18, C. A. D. 413 (appeal 4617, decided on September 30, 1949, rehearing denied, December 12, 1949).

We hold on the basis of this record that the petitioners have failed to sustain the burden of proof required by the statute. The petition is denied and judgment will be rendered accordingly.