BEFORE THE SECOND DIVISION, APRIL 23, 1951

**No. 55476.**—F. E. Macartney *v.* United States, petition 6700–R (Duluth).

LAWRENCE, Judge: This petition was filed pursuant to section 489, Tariff Act of 1930 (19 U. S. C. § 1489), for remission of additional duties imposed by the collector of customs at the port of Duluth, Minn. (Ranier, Minn.), on a carload of

merchandise described on the invoice and entry as "Prime Inedible Tallow," imported from Canada, and which was entered at less than the final appraised value.

In support of his claim for relief, petitioner offered the testimony of Jessy Addison Rose, who, since 1946, has been associated with F. E. Macartney, a customs broker for more than 25 years. Prior to his association with the petitioner herein, Mr. Rose for 30 years had charge of the United States Customs Service office at Ranier, Minn., in the capacity of deputy collector in charge, acting appraiser, and cashier.

This witness testified that entry of the importation in issue was prepared under his supervision; that in making entry, the freight and duty were deducted from the invoice price; that the freight was deducted because the customs bill of lading showed same to be "prepaid"; that in accordance with a memorandum from the shipper the importation was cleared and the broker billed the shipper for the duty and entry fee, the price shown on the invoice being considered to be the delivered price.

Mr. Rose further stated that in making entry he believed the entered value to be the correct dutiable value, and that when he subsequently found out that he was mistaken, he transmitted to the customs officials all the information he received, but this was subsequent to entry of the merchandise and it was too late to amend the entry.

He further testified that in making entry he did not intend to defraud the revenue of the United States, conceal any information from the customs officials, or deceive the appraiser.

On cross-examination, witness Rose stated that the memorandum from the shipper to clear the shipment was not retained in his files. The following questions and answers concluded the testimony:

X Q. You applied to two different sources, didn't you, to ascertain the Titre Test of this tallow before making entry, didn't you?—A. No, not before making entry. The entry was made, and later, when the Government had found out from their small sample taken that the Titre Test was under 40 degrees centigrade, which is the division point, between inedible tallow and animal fats and greases, then, after they had determined that the Titre Test was 39.3 as is stated in the file, then I inquired of the shipper, and also Newridge Chemical Company at Chicago, if they could inform me if they had information as to the Titre Test.

X Q. Up to that time you didn't take any precautions as against the Titre Test showing it to become tallow which would be—— A. I considered it inedible tallow.

X Q. Was that based upon your long experience as a collector?—A. Well, inedible tallow is supposed to invoice, as I would say, 999 times out of 1,000— they are correct, but once in a while we will run into one that isn't, but I assume that on account of Burns & Company being a large shipper, shipping lots of merchandise into the States, that the invoice was correct as to commodity.

Respondent in its brief presents the argument that "It is apparent from the record that the petitioner was careless, negligent and indifferent about undervaluing the merchandise on making entry herein. He did not exercise the care and caution that a prudent man should under the circumstances of the facts of this case."

In support of its contention, respondent cites several cases, all of which have received our careful consideration, and several of which will be referred to, *infra*.

In *Endicott Johnson Corp.* v. *United States*, 24 C. C. P. A. (Customs) 39, T. D. 48309, remission of additional duties was denied where import duties were deducted from the export values of five carloads of cattle hides entered on three different dates. The appellate court there said:

As the court below stated in its decision, there seems to have been a lack of care on the part of the exporter in preparing these valuations for the entries.

The witness Eve was well conversant with the United States law, and its practices, as to the entry of imported goods. He was also thoroughly familiar with Canadian market values at the time of these shipments, and it seems an act of gross carelessness to enter these goods repeatedly at a valuation which the slightest thought and consideration must have made plainly evident to the witness were prices much below the Canadian home market value of the goods.

The case of *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70, involved the denial of remission of additional duties for lack of satisfactory evidence where merchandise was entered at prices charged by a Canadian company to its parent corporation in Cleveland rather than at the foreign wholesale market value. The court, in its opinion, stated—

It has frequently been pointed out that the entrant of merchandise owes a duty to inform himself as to the correctness of his representations as to the value of his merchandise and that a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute.

Also cited by the respondent is the case of *Stan Newcomb and Barbara Todd* v. *United States*, 37 C. C. P. A. (Customs) 18, C. A. D. 413. Additional duties imposed on eight entries covering importations made in three successive months were held proper, it appearing that the final appraised value exceeded the value declared on entry by more than 100 per centum, which fact, according to section 489, *supra*, constituted presumptive fraud. The court there was of the opinion that the burden placed by statute upon the petitioner Newcomb seeking remission of additional duties was not met "by simply testifying that he was lacking in knowledge of the law."

The case of *United States* v. *Edward H. Corrigan*, 38 C. C. P. A. (Customs) 26, C. A. D. 434, is also relied upon by respondent herein. The court there held that the trial court was in error in holding that because the evidence did not warrant a finding that the petitioner made entry with intent to defraud, the petition for remission should be granted. It was further held that the petitioner has the burden to show affirmatively that the entry was made without intent to defraud, and that, in the circumstances of that case, the petitioner had failed to meet that burden.

It is our view that from the record here presented the petitioner cannot be considered as acting with gross carelessness in repeatedly undervaluing importations as was found in the *Endicott Johnson* case, *supra*, or that there was a showing of indifference to the proper valuation of imported merchandise as was the fact in the *Gresham* case, *supra*, or that reliance for relief rests on testimony of lack of knowledge of the law as in the *Stan Newcomb* case, *supra*, or that there is a lack of affirmative proof that the entry was made without intent to defraud as was held in the *Corrigan* case, *supra*.

The scope of the burden of proof placed upon a petitioner seeking remission of additional duties set forth in *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, and which has become well-settled law and was reaffirmed by the appellate court in the *Stan Newcomb* case, *supra*, is stated as follows:

* * * First, He [petitioner] must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

Has the petitioner herein established facts sufficient to warrant the remission of the additional duties on the present importation?

It must be kept in mind that the deduction of freight and duty from the entered value, which we deem to have been done in good faith, would not, except for other

circumstances unknown at the time of entry, have resulted in the assessment of additional duties. Importations of inedible tallow being subject to a specific rate of duty within the provisions of paragraph 701, Tariff Act of 1930 (19 U. S. C. § 1001, par. 701), would not be subject to additional duties provided for in section 489, *supra*, which apply only—

If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, * * * .

From the evidence presented, we are also convinced that there were no facts or circumstances known to the petitioner when he made entry which would cause a prudent and reasonable person to question the correctness of the values, or other information, given by him. From the witness' previous background of 30 years' experience in official customs work as deputy collector, acting appraiser, and cashier at Ranier, and his resultant familiarity with the flow of importations from the present shipper, it can be concluded that as a prudent and reasonable man he would be warranted in believing the invoice covering the present importation to be correct as to commodity. The subsequent showing by Government analysis of a titer test result of 39.3 degrees Centigrade rather than the 40 degrees or more can hardly be considered as a foreseeable possibility.

The evidence before us also is convincing that the petitioner herein made a full and complete disclosure of all material facts in his possession at the time of making entry.

After a careful consideration of all the facts in the present case, we are of the opinion that the petitioner has satisfactorily met the burden of proof placed upon him and that in making entry of the importation in issue at a less value than that returned upon final appraisement he acted without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted.

Judgment will be entered accordingly.