BEFORE THE FIRST DIVISION, DECEMBER 19, 1951

No. 56181.—Parsons & Whittemore, Incorporated v. United States, petition 6801–R (Baltimore).

OLIVER, Chief Judge:  This is a petition for the remission of additional duties pursuant to section 489, Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain "woodpulp board" exported from Sweden and entered at the port of Baltimore.

The record discloses that an importation of like material was made at the port of New York by the same petitioner, which was sold to its consignee on February 8, 1950, at $117.50 per ton, which was the price paid for the merchandise as of that date.  Thereafter, and on February 23, 1950, the petitioner sold the same class of merchandise at $118 per ton.  A record of this new price was sent to the appraising officials at New York on March 9, 1950, about 6 weeks prior to the Baltimore entry here in question (petitioner's exhibit 1, R. 36).  It further appears that the involved merchandise was entered at the port of Baltimore on April 20, 1950, at the lower price of $117.50 per ton.  As this price was lower than the price prevailing at the time of entry, the appraiser at Baltimore advanced the value to $118 per ton, which was the correct value at that time.  If entered at the correct value of $118 per ton, no additional duties would have been imposed and the total difference in duty to be paid by the importer would have been only one dollar (R. 8).  At the present time, there is $184 involved by reason of the additional duties imposed.

When the trial was originally held in Baltimore, the petitioner called the chief appraiser at Baltimore who had been familiar with the entries made by the peti-

tioner herein for upwards of 25 years. He testified that he had never had any trouble in all those years over any entries made by the petitioner. The case was transferred to New York and on the continuation of the trial at that time, the petitioner called the examiner of wood pulpboard at New York who likewise testified that while he had been handling entries for this petitioner for over 20 years he had never known the petitioner to make any incorrect or fraudulent entries. The advance in value from $117.50 to $118 was based on information actually supplied by the petitioner to the customs officials at New York. The examiner at New York further testified that he had found petitioner ready and prepared to cooperate with the Government at all times.

It further appears from this record that the privilege to amend the entry had not been granted for the reason that the importer's broker had failed to file the usual submission sheet in connection with this entry. A submission sheet should have been filed but failure to do so was explained on the ground that it was an error. An employee of the petitioner's customs broker testified that when he made entry of the merchandise at $117.50 per ton, he was not aware that later sales had been made at $118 per ton. It appears that he had had no previous experience in the making of entries and had temporarily taken over such duties for his firm.

From this entire record, it is made clear that in making entry at the price of $117.50 per ton, petitioner did so through an honest error and that such entry was made without any intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the proper dutiable value of this merchandise.

Counsel for the Government directed the attention of the court to the cases of *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, and *C. Bruce Austin, Agent, Robert Reiner, Inc.* v. *United States*, 21 C. C. P. A. (Customs) 211, T. D. 46731. Unlike the petitioner in the *Wolf* case, *supra*, this petitioner did not buy its merchandise below the market value or at a bargain price. The importer here paid the full market price as it existed on February 8, 1950. Also, there was no conflict in the testimony of the witnesses for petitioner in the present case, as was the situation in the *Austin* case, *supra*, cited by the Government. The fact that prior to making entry in the present case, the petitioner had voluntarily given information of the advance in value to the appraiser in New York is strong evidence of its good faith.

The issue in this case is the good faith of the entrant, and it is clear from this record that the petitioner acted in good faith and cooperated with the customs officials.

On this entire record the petition should be and is granted and judgment will enter accordingly.