**No. 56459.**—C. K. Shao *v.* United States, petition 6786–R (New York).

Rao, Judge:    This is a petition filed pursuant to the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties assessed against an importation of porcelain and wooden wares from China.   It appears from the official papers before the court that the petitioner imported a variety of items of which item number 37, described on the invoice as "Long life & Ladies" was invoiced and entered at $2 per unit and appraised at $2.80 per unit, and number 151, consisting of 1,600 pieces of porcelain rice bowls, was invoiced and entered at 10 cents each and appraised at 15 cents each.   A 5 per centum commission and the packing and cases were included in both the entered and appraised values.

At the trial, petitioner testified that he had been in the business of importing porcelain chinaware and wood carvings for a period of about 4 years and that he personally placed the order for the instant merchandise.   When it arrived, he retained Judson Sheldon, a customhouse broker connected with National Carloading, to make the entry, and gave him "the bill of lading and everything," but did not give him any instructions or tell him how to enter the merchandise.   When, after some months had elapsed, the examiner wrote a letter to Judson Sheldon, concerning the entry, petitioner called to see the examiner and discussed the entry with him.   His conversation with the examiner was as follows:

He say you pay ten cents.  He said somebody pay 15 cents.   I say I don't know.   I buy and I pay this money, somebody pay 15 cents.   Maybe I buy big quantity and I get a little cheaper.   The currency in China changes very fast. Maybe I got it cheaper.   I said that to him.   Then, I got a rice bowl that is different quality.   Maybe it is first or second quality but I really pay this money. I don't know.

The witness stated further that he paid the invoiced price of 10 cents each for the rice bowls and of $2 per pair for the "Long life & Ladies," and that he so informed the examiner.   He did not know whether any of his competitors paid higher prices for the same merchandise, nor did he make any inquiry of them concerning prices.   He testified, however, that prices in China were falling daily and that a shipment of "Long life," which he purchased prior to the instant merchandise and which came in on a slow boat, cost him $2.80 per pair.   He advised the examiner of this, but because of the witness' inability to express himself in English, he apparently could not get the examiner to understand him. Instead, the examiner suggested that the entry be amended.

The witness stated that he instructed Judson Sheldon to amend the values in accordance with the values given him by the appraiser, but no amendment was, in fact, filed.   By way of explanation for the failure of Judson Sheldon to file the amendment, Mr. Shao said, "I think he made a mistake."

Petitioner then testified that he did not conceal any facts from the examiner, nor did he intend to defraud or cheat the United States.

James J. Foster, assistant vice president of the National Carloading Corp., testified that he is connected with the Judson Sheldon Division of that company, and is in direct control of all of its import business.   He stated that the company is a licensed customhouse broker which made the instant entry for the account of petitioner; that thereafter the company received a notice from the appraiser asking that the entry be amended; that upon receipt of this notice, which was received in evidence as petitioner's exhibit 1, a letter was sent to Mr. Shao, but that to his recollection no reply, either written or oral, was received.   In this connection, the witness stated that he would ordinarily be apprised of a communication or call from Mr. Shao, but that he did not recall there having been one.

Although we appreciate the difficulties petitioner experienced by reason of his inability to speak English with any degree of ease, we are constrained to hold that he has failed to submit sufficient evidence to establish that the entry herein was made with the exercise of such good faith as is required by the statute.

We have adverted to our sympathy with petitioner's unfamiliarity with the English language, but we are well aware that this is not a circumstance pertinent to the issue of his intention at the time the entry here in question was made. *Schrikker* v. *United States*, 13 Ct. Cust. Appls. 562, T. D. 41433.

In the case of *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, our appellate court set forth the nature of proof required to satisfy the dictates of the statute governing remission cases. It was there stated:

* * * Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

We think that the record in the instant case, taken as a whole, falls far short of establishing either in kind or in degree the fundamental facts for which the *Wolf* decision, *supra*, calls. On the contrary, the meager evidence we have before us would seem to indicate that there were various facts and circumstances which were calculated to put a reasonably prudent person upon notice that the values included in the entry were not the proper values for the disputed items.

Several months after the entry was made, the petitioner in attempting to justify the values at which he entered his merchandise, expressed the probability that he obtained a cheaper price because of the large quantity he had purchased. He also revealed that he had paid $2.80 for the item known as "Long life & Ladies" in a previous importation. While the fact that petitioner knew that the currency in China was changing rapidly and that prices were falling daily might tend to support his belief that the entered values were correct, nevertheless, these were circumstances bearing upon value which should have been communicated to the examiner at the time of entry.

Not only did he not make any effort to ascertain from others in the trade the prices they were paying for merchandise of this type, but neither petitioner nor his broker requested information of the examiner as to values. Without disclosing either to his broker or to the examiner his presumed knowledge that the prices he paid did not necessarily reflect the true value of the merchandise, and without affirmative instruction to the former, petitioner merely suffered his broker to make entry at the invoice prices.

It was not until many months had elapsed and the examiner had written to the broker that the importer discussed the entry and his knowledge of prices with the examiner. Even then, by timely amendment, he could have avoided the imposition of the additional duties of which he now complains. His testimony is that he instructed his broker to make the amendment, but the latter failed to do so.

The testimony of the broker does not support petitioner's statement to this effect. Without being particularly definite, it tends rather to create the inference that petitioner did not communicate with his broker at any time after he was advised that the examiner requested an amended entry. In any event, it does not explain the failure to amend the entry.

We cannot accept as sufficiently covering this phase of the case, petitioner's unsupported surmise that the broker made a mistake. Since the importer did not file an amendment to the entry, and no attempt to amend was adequately

proven, we do not consider his mere expressed willingness to amend a satisfactory basis upon which to grant this petition.

In view of the foregoing considerations, we do not find that it has been satisfactorily established that the entry of the merchandise at less than its final appraised value was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The instant petition for the remission of additional duties is, therefore, denied.

Judgment will be entered accordingly.