## WOLF & CO. *v.* UNITED STATES (No. 2336) [1]

1. REMISSION OF ADDITIONAL DUTY—BOARD'S FINDING.

Section 489, Tariff Act of 1922, grants authority to the Board of United States General Appraisers to remit additional duties imposed for undervaluation in entry upon the finding that there was no fraudulent intent. Such finding is required only in case the petition is granted. When it is denied, it is sufficient to find that the evidence does not warrant a finding in favor of the petitioner.

2. SAME—EVIDENCE.

A petitioner under section 489, Tariff Act of 1922, for remission of additional duty imposed for undervaluation in entry must show: First, that, in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to him when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; and, third, that he has made to the collector, in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

3. SAME.

Importers' representative purchased the goods abroad below their market value and permitted them to be entered at the invoice price. The fact that importer and entrant did not actually know that the invoice values were not right is not sufficient to support a petition for the remission of additional duty imposed for undervaluation under section 489, Tariff Act of 1922.

[1] T. D. 41453.

United States Court of Customs Appeals, March 13, 1926

APPEAL from Board of United States General Appraisers, Abstract 46333

[Affirmed.]

*Allan R. Brown* for appellants.
*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General (*Reuben Wilson,* special attorney, of counsel), for the United States.

[Oral argument December 17, 1925, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

S. H. Kress & Co., a syndicate conducting a chain of retail five, ten, and twenty-five cent stores, placed an order with C. A. Seydel & Sohne, of Untersachsenberg, Saxony, on October 16, 1922, for certain harmonicas. This order was placed through Louis Wolf & Co., the appellants, as agents. Prior to the time of purchase, S. H. Kress & Co. had sent a representative to Europe with instructions "to get something unusual," "to get values." This representative purchased the goods and ordered them shipped to Louis Wolf & Co., as commissionaires. The goods were shipped from Untersachsenberg October 30, 1922, and arrived at the port of New York December 18, thereafter. The pro forma invoice, dated October 28, 1922, was forwarded to the office of Louis Wolf & Co., at Boston, Mass. When the invoice was received at the Boston office nowhere appears in the record, but it appears this invoice was sent to the New York office and received there December 17. No samples accompanied it to the New York office. On receipt of it, Mr. Kunzl, office manager of the New York office of appellants, consulted Mr. Strassner, a representative of S. H. Kress & Co., found he had no information about the shipment, and thereupon instructed the Boston office to prepare an entry according to the invoice. This was done by Thomas O. Stutson, a representative of appellants in their Boston office, on December 19, 1922, and the entry was thereafter sent to New York and filed by appellants' brokers on December 19.

After samples of the goods went to the appraiser's store, it was found that the harmonicas were of greater foreign market value that that given in the entry, and, after a conference between the appraiser and Mr. Strassner, of S. H. Kress & Co., they were advanced by the appraiser 97 per centum of their entered value, and additional duties were imposed under the provisions of section 489, Tariff Act of 1922, for the remission of which appellants petitioned under said section. This petition was denied by the court below, after a hearing, and the importers appeal.

The appellants contend first, that the court below did not make such a finding as is required to be made under section 489 aforesaid. The finding of the court below is:

The record as a whole is not such as to warrant a finding such as is contemplated by the provisions of section 489 in favor of the remission of the additional duties, and the petition is therefore denied.

That portion of section 489 material here is:

Such additional duties * * * shall not be remitted * * * except * * * in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

It will be observed that it is only when the prayer of the petition is allowed by the board that the quoted statutory findings are required. When relief is denied we are of opinion it is sufficient for the court below to find, as it has done here, that the proof offered upon the petition is not sufficient to warrant a finding in favor of the petitioner. While the precise point was not pressed upon the attention of the court, this court has, in several recent cases under this statute, proceeded upon the theory that such findings are sufficient, and we so hold here. *Finsilver, Still & Moss* v. *United States,* 13 Ct. Cust. Appls. 332, T. D. 41250; *Hauptman* v. *United States,* 13 Ct. Cust. Appls. 295, T. D. 41218.

It is contended the finding of the court below is contrary to the weight of the evidence and should therefore be reversed. The quantity and quality of proof required in such cases has been discussed by this court very frequently since judgment of this court in *Fish* v. *United States,* 12 Ct. Cust. Appls. 307, was affirmed by the Supreme Court in *United States* v. *Fish,* 268 U. S. 607. Some of the more recent cases are *Lee* v. *United States,* 13 Ct. Cust. Appls. 269, T. D. 41205; *Linen Thread Co.* v. *United States,* 13 Ct. Cust. Appls. 301, T. D. 41220; *Glendenning, McLeish & Co.* v. *United States,* 13 Ct. Cust. Appls. 387, T. D. 41320; *Syndicate Trading Co.* v. *United States,* 13 Ct. Cust Appls. 409, T. D. 41339; *United States* v. *Bracher,* 13 Ct. Cust. Appls. 432, T. D. 41344. Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry,

a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

We do not believe the importers have brought themselves within these rules. A representative of S. H. Kress & Co., for whom the goods were imported, personally purchased the goods in Germany and knew when he did so, he had purchased them at a bargain, or, in other words, at less than their usual market value. Such knowledge as he had must be imputed to his principal. Yet knowing this, he procured an invoice to be sent to the agent of his principal, giving a price below their real foreign value, without advising his principal of the facts. This representative returned to the United States in January, 1923, and was presumably here when the hearing was had before the court below May 11, 1923, but did not testify therein. At the time the importers entered these goods, they knew, through their representative, the true value of the same and there is in the record no sufficient explanation why this true value was not disclosed. It is argued, as an excuse, that the goods were bought for spring delivery, and not being expected so soon, opportunity was not given to learn their true value at the time of entry. Mr. Strassner testified:

Q. When were the goods to have been shipped?—A. For the spring business.

Q. When was that, for the spring business?—A. January or February the following years.

As we have seen, the goods arrived on December 18, and were entered December 19, while they had been bought on October 16. It will thus be noted that over two months had elapsed from the time of purchase before the goods were received and, taking the statement of the witness Strassner as correct, the arrival of the goods antedated very little the time when they might ordinarily have been expected to arrive.

The case is much like *Lee & Co.* v. *United States, supra,* where an importer purchased, through a representative, certain golf balls in England. This court, speaking through Smith, Judge, said:

Lee knew nothing of the value of imported golf balls, but he did know the circumstances surrounding his purchase, and these circumstances put him upon notice that he might be getting the balls at a bargain and at less than their market value. Therefore he could not rely on the price paid as market value and was bound to make inquiry of dealers in golf balls and of those acquainted with the market as to the price at which such or *similar* merchandise was freely offered for sale in the usual wholesale quantities and in the ordinary course of trade, etc., to all purchasers in the principal markets of the country of exportation.

We also said, in *Hauptman* v. *United States, supra:*

That the witness visited Germany and purchased the goods after an investigation of the market value of such merchandise is not denied. But he did not testify that he paid the market value therefor. The fact that he made an investigation for the purpose of "posting" himself, is as consistent with the view that he purchased at a price under the market value as it is with the view that he paid

the market price. The fact that he entered the merchandise at the price paid for the same is not very helpful under these circumstances.

From a consideration of the record, we are convinced the court below came to the proper conclusion, and its judgment is therefore *affirmed.*