NATIONAL BISCUIT CO. *v.* UNITED STATES (No. 3577)[1]

United States Court of Customs and Patent Appeals, February 6, 1933

*Puckhafer, Rode & Tompkins* (*Allerton Tompkins* and *J. Stuart Tompkins* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special attorney, of counsel), for the United States.

[Oral argument December 5, 1932, by Mr. J. Stuart Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

In the present proceeding appellant filed its petitions for remission of additional duties levied under section 489 of the Tariff Act of 1922 and section 489 of the Tariff Act of 1930. One entry was made at Buffalo under the former act, and three at Niagara Falls under the latter. The United States Customs Court denied the petitions, which had been consolidated for the purposes of hearing, and the importer has appealed.

The facts presented are, substantially, as follows: The appellant, National Biscuit Co., acquired the business of Christie, Brown & Co., of Canada, in August, 1928, and since that time the latter company has been operating as a subsidiary of appellant and has been exporting large quantities of its product to appellant. Prior to the times when the entries herein were made it had been the custom of the importers to enter these goods at their invoice unit values, less a discount of 25 per centum, and these entries had been accepted and liquidated at such values.

Additions to make foreign values were made by the local appraiser in three cases and invoice values were sustained in one case. Appeals to reappraisement were taken by the importer in three cases and by the Government in one. While these appeals to reappraisement were

---

[1] T. D. 46187.

pending, the matters were settled by stipulation, as a result of which invoice unit values, less discounts of 17½ per centum, plus 1 per centum, were taken as dutiable values. Thereupon the additional duties provided by said sections 489 were levied and are those here involved.

The record shows that the customs brokers entered the merchandise at the values therein stated by direction of Christie, Brown & Co., with whom the brokers communicated before such entries were made. Directions to so enter the goods had been given to Christie, Brown & Co. by Albert W. Kasten, the controller of appellant.

The witness Kasten freely admits that, at the times of these importations, he was fully acquainted with the discounts allowed to purchasers in Canada by Christie, Brown & Co. and by their competitors in business. He testified that it was "our business to delve into the matter," and that he and his representatives had access to and examined perhaps 2,000 of their competitors' bills each day. He further stated that he knew at that time that these goods were being sold by appellant's said subsidiary in Canada at unit prices, with discounts from 12½ per centum up, and that their competitors were selling at unit prices, less discounts of from 15 per centum up. He gave as a reason for ordering the entry of the goods at a 25 per centum discount that it was the practice of appellant and its Canadian subsidiary to allow a discount of 25 per centum to their agents.

It thus appears that at the time these goods were entered those directing the entry, including the petitioner herein, knew that goods identical with or similar to the goods entered had a foreign-market value greater than that at which they were entered, to wit, their unit invoice price, less a discount of 17½ per centum, less 1 per centum for cash. It also appears that, having this information, it was not given to the local appraisers. However, the appellant failed to do the things which this court has said on numerous occasions it is the duty of a petitioner to do if it is to obtain remission of additional duties under these sections. It must, when it makes its entry, give to the appraising officer all information which it may possess as to the dutiable value of the goods entered. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453; *Taggesell Co.* v. *United States*, 17 C. C. P. A. (Customs) 15, T. D. 43318; *Kennedy* v. *United States*, 19 C. C. P. A. (Customs) 24, T. D. 44869; *Mitsubishi, etc.* v. *United States*, 19 C. C. P. A. (Customs) 91, T. D. 45227.

The judgment of the United States Customs Court is *affirmed*.