C. BRUCE AUSTIN, AGENT, ROBERT REINER, INC. *v.* UNITED STATES (No. 3662) [1]

[1] T.D. 46731.

United States Court of Customs and Patent Appeals, November 6, 1933

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.

[Oral argument October 3, 1933, by Mr. Fred J. Carter and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The present proceeding is an appeal from the decision and judgment of the United States Customs Court, refusing to grant the prayer of appellant's petition for remission of additional duties filed under section 489 of the Tariff Act of 1922.

Seven entries of textile machinery were made at the port of Norfolk, Va., from and including August 12, 1929, to February 10, 1930. Six of these entries were made between August 12, 1929, and October 28, 1929. The goods were appraised by the local appraiser on December 1, 1930, and on appraisement the dutiable values were advanced, as it is stated, from 3 to 5 per centum on each dutiable item. No appeal to reappraisement was made.

At or about the time of importation of these items similar importations were made at the port of New York. After these New York entries were made the record shows that the petitioner, before appraisement in those entries, amended the same, showing increased dutiable values. This was not done, however, as to the Norfolk entries. The entries at Norfolk were made by C. Bruce Austin, the agent of the importer for that purpose, and no instructions or information were sent to the said Austin except that he should enter the merchandise at the invoice values, which was done by him. Whatever information the importer Reiner had as to the dutiable value of these items was not communicated at any time to Austin except as above stated.

The majority of the court below, Brown, Judge, dissenting, was of the opinion that the importer had not made a case justifying remission. In the opinion of the court, written by Sullivan, Judge, it is quite apparent that the testimony of the witness Reiner did not furnish satisfactory proof to the majority of the court that remission should be granted. This was due, as it appears, in a considerable degree to the confusion and apparent conflict of the testimony of this witness as to essential facts. The weight of the testimony was a matter for the consideration of the trial court, and a decision based thereon will not

ordinarily be disturbed by this court unless it is manifest that error has been committed in this respect.

The facts, as they appear from the record, are substantially these: Reiner is an importer of textile machinery under the name of Robert Reiner, Inc. He buys machinery in Germany and during the period in question was frequently in Germany about his business. He was in Germany in February 1929 and from June to September of the same year and states that he became conversant with the prices charged in Germany for this kind of machinery, and also was acquainted with the United States selling price of the same during that period. He stated that the price to the German buyer was lower than the price which he paid and that, therefore, he instructed his agent to enter at his invoice prices. He stated further that he did not know that the advances had been made by the appraiser until after they were so made, and that if he had known it he would have appealed to reappraisement. In addition to his statements that he had entered at the correct value and was acting in good faith, he stated that he received, while in Germany from June to September 1929, a copy of a letter, known as Exhibit 3, which had been sent by the manufacturer to the United States Treasury bureau in Berlin, which gave certain additional details as to costs of packing, discounts, and erecting costs. The copy of this letter in the record, however, is dated December 16, 1929, and obviously was not seen by him during the time stated. This exhibit states, in substance, that, when a machine is sold in Germany, the seller adds a charge for erecting and inspecting the same, which is not charged to American purchasers. This exhibit also shows that packing charges are not charged the German buyer, and that a discount is allowed on American purchases for selling expenses and agent's commission, which is charged in Germany.

It is conceded that there is nothing in this record which establishes the character of the advances which the local appraiser made upon these goods. Whether it was based in any part upon information such as is given in Exhibit 3 is not shown. So far as this court is advised, the appraiser may have acted upon other information showing that the goods were undervalued in other respects. We do know that when a suggestion of undervaluation reached the importer in New York he amended his entries there to show the same and thus avoided a penalty for undervaluation. In view of this fact it is somewhat strange that the importer should overlook the correction of his seven Norfolk entries here involved and which represented goods of an invoice value of over fifty thousand dollars.

This being true, we are unable to find that the court below erred in refusing remission in this case. It was the duty of the importer to make known to the officers of the customs all information within his

possession as to the dutiable value of his items of importation. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T.D. 41453. It may be that he has done so. This record, however, in our opinion, is not sufficient to justify a reversal of the court below on a question of fact.

The judgment of the United States Customs Court is, therefore, *affirmed*.