BEFORE THE THIRD DIVISION, MAY 27, 1942

**No. 47245.**—Petitions 6131–R, etc., of Sanders Mfg. Co. (Memphis).

Opinion by CLINE, J. At the hearing the president of the importing company testified in behalf of the petitioner that the sand glasses were purchased from three different firms in Germany and were billed at three different prices; that he made the entries personally, dividing the unit price of the merchandise of the three shippers by three, thereby finding the average price; that he entered the merchandise at that average price; and that he talked with the collector who had no information regarding the value of the merchandise but said there would be no penalty unless there was an attempt to defraud. From an examination of the entry it does not appear that the petitioner made entry at the average price. He may have intended to, but an examination of the invoices showed that he failed to do

so. There were certain statements on some of the invoices showing foreign value for home consumption in Germany and the court was of opinion there were facts or circumstances known to the petitioner when he made his entries which would cause a prudent and reasonable person to question the correctness of the values, and that when an importer making entry is put on notice in such a manner he has the burden of investigating the value of his merchandise. *Wolf* v. *United States* (13 Ct. Cust. Appls. 589, T. D. 41453); *United States* v. *Antilla Trading Co.* (26 C. C. P. A. 256, C. A. D. 25); and *Gresham* v. *United States* (27 id. 106, C. A. D. 70) cited. From the record presented the court was unable to find that the petitioner had met the burden cast upon him of showing by satisfactory evidence that the entries were made without intention to defraud the revenue of the United States or to conceal or misrepresent the facts. The petitions were therefore denied.