BEFORE THE THIRD DIVISION, DECEMBER 20, 1949

**No. 53840.**—D. Lisner & Co., Inc. v. United States, petition 6669–R (New York).

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489 of the Tariff Act of 1930. The merchandise involved consisted of two cases of imitation pearl beads which were entered at the invoice price. On appraisement the goods were advanced in value over 100 per centum and were therefore seized by the customs officials. (Section 489, Tariff Act of 1930.) As appears from the record this forfeiture was remitted upon exportation of the merchandise under customs supervision and payment of the additional duties. The appeal for reappraisement which had been filed by the importer was abandoned. Remission of the additional duties so paid is now sought in this action.

Petitioner contends that the importation was a test shipment made to determine whether such beads could be economically imported.

In support of the petition there was introduced in evidence the testimony of one witness who stated that he had been with the petitioner about 28 years,

although it does not appear in what capacity. In answer to a question as to whether he was familiar with this shipment he replied:

Yes, I seem to know something about this shipment.

He also testified that the invoice price was the price offered to the petitioner at the time of this importation; that prior thereto there had been some dispute with the customs authorities as to the valuation of similar merchandise, which question was still pending before this court at the time of this hearing. He further testified that these two cases of beads were entered in order to make a test case and that this shipper was petitioner's main source of supply.

He was then asked:

Q. Prior to making entry did your company make any inquiry in the trade as to what the proper market value was for this type of pearls?

His answer to this was as follows:

Well, we seemed to have heard that the price offered to us at $3.90 was more or less the price offered to all, or most all other people in the trade.

He further stated that the question of whether a test shipment might be brought into this country in order to determine the value, was discussed with customs officials.

On cross-examination, when asked concerning the consultations of his corporation and the customs officials, he stated that he did not know whether he made the inquiries, "it might have been another gentleman in our office." He admitted that he did not handle this particular transaction; that he believed the appraiser instructed his company to ascertain the correct value of this merchandise; that the gentleman who handled this transaction for his company had been out of town but might be back in the office at the time he was testifying; that he himself had not been in his office on the day he appeared before the court. From the testimony of this witness it appeared that the position of the Government on the prior importations was that the invoice and entered price of $3.90 was not a freely offered price.

While this testimony is not entirely satisfactory in that it seems a little indefinite and the witness admitted that he did not handle this particular transaction, nevertheless, he was conversant with the situation and it appears that the question of the value of these beads depended upon whether the price appearing on the invoice and entry was a "freely offered" price within the meaning of the statute.

The issue is whether the entry was made in good faith, not whether the price at which the merchandise was invoiced and entered was the proper price within the meaning of the statute. It is the opinion of the court and we so hold that the petitioner has brought itself within the statute and the decisions thereunder in that the purpose in making entry of this particular merchandise was to determine what the dutiable value of these beads was and that the petitioner had no intention of defrauding the revenue or deceiving the customs officials.

The petition is therefore granted.

### DISSENTING OPINION

CLINE, Judge: I regret that I cannot concur with the decision of my associates.

The merchandise herein was appraised at more than 100 per centum of the entered value, resulting in an automatic forfeiture. It appears from the record that the forfeiture was remitted and the merchandise exported under customs supervision. Thereafter, an appeal for reappraisement which had been filed by the importer was abandoned. While it is claimed that the merchandise was imported in order to make a test case, such a test was never made since the merchandise was exported.

Jack Abramson, who testified on behalf of the petitioner, stated that he *seemed* to know something about the shipment, but admitted later that he did not handle this transaction. When asked as to what inquiry his company made as to proper market value, he stated, "We *seemed* to have heard that the price offered to us at 3.90 was *more or less* the price offered to all, or *most all* other people in the trade." [Emphasis supplied.] He *believed* their attorney tried to get some information from the customs in regard to value, but did not get any different information. He stated on direct examination that he *believed* his office discussed the case with customs officials, but admitted later that he did not know whether he himself did; that it might have been another gentleman. As to ascertaining value, he said on cross-examination that his firm checked with the market of supply, the manufacturers, and also found that the same price was being quoted through other houses in the trade. He then stated that a Mr. Kitley in his firm handled the transaction but that he had been out of town and he (the witness) did not know whether he was in the office that day.

Since there was an advance of more than 100 per centum over the entered value, there was a presumption of fraud, and the burden of proof was on the claimant to rebut the same. (Tariff Act of 1930, section 489.) The issue in this case is the good faith of the entrant and lack of knowledge of the true value of the merchandise cannot be accepted as a reason for the remission of additional duties. *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. 29, C. A. D. 392 (rehearing denied). The evidence in this case does not establish that the importer believed in its values and intended to make a test case. According to the testimony, the entered value was based on what the company seemed to have heard was more or less the price offered to all or most people. Under such circumstances, a reasonable and prudent man would have questioned the values and sought information as to their correctness. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453; *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250; *R. W. Gresham* v. *United States*, 27 C. C. P. A. 106, C. A. D. 70. In *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. 356, C. A. D. 41, the court said:

The question presented here and to the trial court is not to be considered in the form in which the appellant states it. It is not a question as to whether the record affirmatively shows that appellant entered the goods in bad faith, but the question is whether or not it has met its burden of proving to the trial court that in making the entries such good faith was exercised as is required by the statute.

The evidence in this case does not meet this test. Accordingly, the petition should be denied.