(C. D. 1508)

MANUEL VALDES *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 12, 1953)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* and *George R. Tuttle* of counsel) for the petitioner.

*Charles J. Wagner,* Acting Assistant Attorney General (*Mollie Strum,* special attorney), for the respondent.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489). The merchandise involved consists of certain pictures and frames imported from Mexico into the port of San Francisco. An earlier petition covering the same entry was dismissed as untimely (petition 6742–R, decided and reported in Abstract 55863). The record in that case has been incorporated herein.

The goods consisted of carved pictures of wood painted by hand. Entry was made at the prices paid for the pictures in Mexico, i. e., $22.50 and $40, Mexican currency, respectively, for the two sizes involved. The petitioner testified that he paid those prices for the two types of pictures. He further stated that a submission sheet was submitted to the appraiser. This document is in evidence as part of the files of the case. It contains the following statement by the appraiser, who, it appears, has since died:

Prices same as previous shipment
For. Inv. pending

We understand this to mean that the Government officials were investigating the question of the value of this type of goods in the foreign country from whence imported.

It further appears from the testimony that entry was made at the prices paid and that the petitioner knew of no other prices. An appeal for reappraisement was filed by the petitioner herein but was dismissed as untimely. Petitioner testified that he had no intention of deceiving the customs officials and that he gave them all the information he had as to these pictures.

It has been consistently held that the petitioner in remission cases must present satisfactory evidence of good faith and make a full disclosure to the appraiser at the time of entry. *Wolf* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453; *United States* v. *Pennsylvania Salt Manufacturing Co.*, 26 C. C. P. A. (Customs) 232, C. A. D. 22; *United States* v. *Antilla Trading Co.*, 26 C. C. P. A. (Customs) 256, C. A. D. 25; *Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70; *United States* v. *H. S. Dorf & Co.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392; and *United States* v. *Pacific Coast Feather Company* (*Geo. S. Bush & Co., Inc.*), 40 C. C. P. A. (Customs) 141, C. A. D. 510, decided February 6, 1953.

In the recent case of *United States* v. *Westerfield*, decided January 23, 1953, 40 C. C. P. A. (Customs) 115, C. A. D. 507, the court discussed the question of what was meant by the phrase "satisfactory evidence," as used in section 489, *supra*. After stating the three elements necessary to be established in order to produce "satisfactory evidence," i. e., that the petitioner must prove that the act of undervaluation was without any intent (a) to defraud the revenue of the United

States; (b) to conceal or misrepresent the facts of the case; (c) to deceive the appraiser as to the value of the merchandise, the court stated that "a mere categorical declaration by one seeking relief under Section 489, *supra*, that he had no intention of doing any one of the three things, may not be accepted as of itself and by itself constituting 'satisfactory evidence' within the meaning of the statute." In arriving at the conclusion that the petitioner had not met the requirements of proof to entitle him to a remission, the court concluded:

* * * to meet the requirements of "satisfactory evidence", more should appear than a mere lack of knowledge on the part of one having the responsibility of entering merchandise for customs purposes. Being conscious of his own lack of knowledge, Westerfield should have made more effort than he is shown to have made to inform himself. This belief is thought to be in harmony with the long line of decisions rendered from the very beginning of the exercise of the jurisdiction which the Supreme Court held had been conferred upon this court respecting duty remission. * * *

In the case before us, while the petitioner knew of no prices other than those at which entry was made, the record is silent as to his attempt to determine the prices in Mexico or as to any investigation either in that country or in the United States as to the prices prevailing for this type of merchandise. As held by the court in the case of *Mitsubishi Shoji Kaisha (Ltd.)* v. *United States*, 19 C. C. P. A. (Customs) 91, T. D. 45227, it is no part of the official duty of the examiner or the appraiser to give information to the importer as to the value of his goods, nor in cases where such information has been given, can it be relied upon to obviate the duty of the importer to ascertain and enter at the true value. Therefore, the fact that a submission sheet was submitted to the appraiser can have little bearing upon the question of "satisfactory evidence" where, as here, the importer's evidence failed to show that he made any investigation as to the proper value at which to enter his goods.

In the absence of evidence that the petitioner made any inquiries or investigation in Mexico or this country in an attempt to determine the value of this type of merchandise, in spite of information that a foreign investigation was pending, we find that the record is lacking in satisfactory evidence to support the petition. It is, therefore, denied.