BEFORE THE THIRD DIVISION, APRIL 7, 1953

**No. 57250.**—Einar H. Crown v. United States, petition 6820–R (Portland, Oreg.).

EKWALL, Judge: This petition is filed under authority of section 489 of the Tariff Act of 1930, seeking remission of additional duty assessed by reason of the fact that the final appraised value of certain imported kippered herring and Danish blue cheese exceeded the value declared on entry.

In support of the petition, the owner and operator of the importer of record, the petitioner herein, testified that the entries were prepared in the office of his firm in Chicago, from information received from the shipper, and were sent to a customs broker at the port at which entry was to be made by said broker. Prior to the time the entries were prepared, the Government examiner was consulted and the prices and conditions under which the goods were entered were discussed with the examiner, and the entire file in connection with the importation was shown to said examiner. After examining such information as the importer possessed, the examiner stated that the prices were correct.

On cross-examination, the witness stated that in every case which his firm had, the invoice was presented to the examiner, and he was consulted as to the correct valuation. When asked if he inquired from the exporter as to the freely offered price of his merchandise, the witness replied that in Norway, the country of exportation, the prices were the same to every buyer, and from information obtained by him when he visited Norway, he learned that all paid the same prices. All the information that his firm received from the shipper in respect to the value of the instant merchandise was sent to the customs broker. This was the first time that there was any question as to his firm's entries of this type of merchandise.

At the conclusion of the hearing in Chicago, the case was transferred to the port of entry at the request of the Government. However, no additional evidence was produced at that port.

Upon this record, we find that the petitioner has established facts sufficient to warrant the remission of additional duties under the holding in *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41452, wherein the scope of the burden of proof placed upon a petitioner in this type of case is stated as follows:

* * * First, He [the petitioner] must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

The petition is therefore granted.