BEFORE THE SECOND DIVISION, OCTOBER 13, 1953

**No. 57530.**—Pacific Wax & Trading Company *v.* United States, petition 6917–R (San Francisco).

RAO, Judge: This is a petition for the remission of additional duties assessed pursuant to the provisions of section 489 of the Tariff Act of 1930 by reason of an undervaluation of an importation of rubber boots.

It appears from the testimony of Melvin A. Isaacs, sole owner of Pacific Wax & Trading Company, petitioner and importer herein, that he personally ordered the involved merchandise and caused the same to be entered at the invoiced prices since those were the prices he had paid for the merchandise, and because he desired to make a test case of the issue. He discussed the matter with a Mr. Mulcahy of H. B. Thomas & Co., the customs broker who made the entry for petitioner, who explained to him the basis upon which duty was going to be assessed. Isaacs did not adopt Mulcahy's suggestions since he wished to make a test case to establish the possibility of having entries made on the invoice costs rather than the values fixed by the appraiser at San Francisco.

The witness further testified that at the time this merchandise was entered he did not know that articles of this character were the subject of a Presidential proclamation directing that value be found by reference to similar articles manufactured in the United States.

After appraisement, an appeal for reappraisement was duly filed, but later abandoned.

Section 489 of the Tariff Act of 1930 provides for the remission of additional duties assessed for undervaluation:

\* \* \* upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. \* \* \*

Ordinarily, we would say that the oral evidence in this case is not of such character as would warrant the application of the remedial provisions of the remission statute. The witness for the petitioner testified only that he used the invoice prices because they were the purchase prices, and he wished to make a test case. He did not state what grounds he had for believing that the purchase prices truly represented the market value of the merchandise, nor what efforts he made to ascertain whether the values at which the merchandise was entered were correct. Neither is there any testimony showing or tending to show whether or not a complete and candid disclosure of all of the facts surrounding the importation was made to the appraiser. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453.

The fact that petitioner desired to make a test case in reappraisement, standing alone, and without amplification, is not probative of good faith or lack of intention to deceive, conceal, or misrepresent the facts of the case.

We note, however, that the consumption entry, which is part of the official papers in the case, although it was not specifically offered in evidence, contains the following statement:

(Entry is being made at the invoice prices in order to test the application of the American Selling Prices.)

Inasmuch as, at the time of entry, the attention of customs officials was alerted to importer's intention of testing, in a reappraisement action, the application of American selling prices, it would appear that there existed, at the time of entry, a *bona fide* difference of opinion with respect to the true value of the merchandise, and that the importer was entering at the invoice prices only after calling to the attention of the customs authorities the probability of a basis of appraisement different from that upon which entry was made.

Under all the circumstances of this case, although we would have preferred a more elaborate record, we are satisfied that the entry of the merchandise at bar at less values than those returned upon final appraisement was without any intention to defraud the revenues of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted.

Judgment will be entered accordingly.