BEFORE THE THIRD DIVISION, DECEMBER 22, 1953

**No. 57707.**—A. Orlikoff and Mexican Artcraft Company *v.* United States, petition 6827–R (San Diego).

EKWALL, Judge: This is a petition for remission of additional duties filed under authority of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489). The merchandise, which was entered at values lower than those found on final appraisement, consisted of three importations of Mexican huaraches, imported during February and March 1943. At the hearing, the record in reappraisements 154212–A, etc., decided by the single judge and reported in 20 Cust. Ct. 414 (Reap. Dec. 7577), and on appeal in 25 Cust. Ct. 441 (Reap. Dec. 7892), was offered and received in evidence. The huaraches were invoiced and entered in Mexican currency and appraised in the same currency.

The question for determination is whether the petitioner has established by satisfactory evidence that the entry of these huaraches at a less value than that found on final appraisement was without intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

In support of the petition, one witness was introduced, Mrs. Rose Orley. She testified that her name had been changed by court order from Orlikoff to Orley; that she is a partner in the Mexican Artcraft Company, one of the petitioners herein; and that she is in charge of importing. She further testified that a Mr. Robles was associated with said company but only in connection with these

transactions which involved the purchase of 35,000 pairs of huaraches from Isauro Macias of Guadalajara, Mexico, for which a 10,000 peso deposit was given to the Mexican manufacturer. The witness also testified that Mr. Robles was in Guadalajara between January 4 and February 20, 1943, in connection with this transaction, and that she frequently communicated by telephone or letter with him in regard to the market value of huaraches there. It further appeared from this witness' testimony that during the period in question the prices for these huaraches fluctuated, even falling below their contract price.

The witness stated that the huaraches received were of an inferior quality to those ordered from sample. This was true except as to some higher priced goods included to fill out the shipments. The importing firm had received complaints from at least one of its customers as to the quality of the huaraches supplied to said customer. This witness was present when these goods were being examined by customs officials at the broker's warehouse and became so alarmed at the inferior quality of the merchandise that she telephoned to Mr. Robles to return to Los Angeles. The Mexican manufacturer, having received the 10,000 peso deposit, refused to take any action toward improving the quality of the huaraches. The witness did not advise the appraiser of the inferior quality of the goods because, as she explained, she did not think it was of any consequence to him.

Mrs. Orley further stated that she had no information that would indicate the invoice prices were not the freely offered prices. She believed that the invoice prices represented the market value for that type and quality and, therefore, let the customs broker make entry at such prices. In addition to her frequent communications with Mr. Robles while he was in Guadalajara, she made a special trip there, interviewing as many merchants as there were and obtaining affidavits from some of them.

In answer to a question as to why she did not return the inferior goods to the manufacturer, the witness explained that this course was impossible because the manufacturer had already been paid and refused to do anything about it, and her firm was obliged to accept all of these shipments. She further explained that she had no correspondence with the manufacturer to produce as proof that protests had been made in regard to the quality because of language difficulties and because Mr. Robles, being on the ground, could more effectively take up the matter with the manufacturer. The witness stated she was unaware, prior to 1944, that certain higher prices were said to prevail in the Guadalajara market on certain dates in March 1943.

Upon being interrogated as to whether she had received a notice of withheld appraisement, the witness stated that she did not remember ever having received such a notice and would have had it on file had she received one.

The respondent produced the testimony of one witness, the acting appraiser and examiner at the port of entry. He testified that Mrs. Orley and her husband were present and assisted the customs officials in opening the packages and repacking them after examination; that this took place after entry and during the time of examination before release of the merchandise. He also stated that the appraisement of this merchandise was withheld, pending an investigation as to value, and that customs Form 6523 was issued and delivered to the customhouse broker, who prepared the entries, and that this form gives notice that there may be an advance in value of the importation. He further testified that no request for information was filed with the appraiser and that the importers did not question said appraiser as to the correct dutiable value.

From this record, it is clear that the importers were confronted with an unusual situation in that the merchandise was not in conformity with the sample from which orders were given; that the manufacturer refused to deliver merchandise corresponding to the sample; and that the importers, having made a deposit of 10,000

pesos with said manufacturer, were forced to accept the merchandise as delivered. It further appears that the importers' representative was in touch with Mrs. Orley and that, from the information received from him and also from her own investigation in Mexico, Mrs. Orley was convinced that the invoice prices correctly represented the dutiable values for the merchandise received.

We, therefore, find that the petitioners have established their good faith under the rule as laid down in *Wolf* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, where the court used the following language:

* * * Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

The petition is, therefore, granted.