BEFORE THE THIRD DIVISION, MARCH 11, 1955

**No. 58834.**—Duquesne Statuary Company v. United States, petition 7123–R (Pittsburgh).

EKWALL, Judge: This petition, filed under authority of section 489 of the Tariff Act of 1930, seeks remission of additional duties assessed on certain holy figures imported from Italy, which, on entry, were valued at less than the values found on final appraisement. From the testimony of one of the partners of the importing company, who saw the merchandise when it came into the country, it appeared that he did not purchase these figures; his partner made the purchase by correspondence with his brother in Italy. He believed the articles to be composed of papier mâché, although the customs officials, upon analysis, decided they could not be so classified because the papier-mâché content was insufficient to warrant such classification. The business of the plaintiff company is manufacturing plaster statuary. At the time of entry, the witness believed the entered value represented the fair market value in Italy for the merchandise. He knew of no change in price between the date of purchase and the date of entry. Had there been a change, he thought he would have had knowledge of it. The invoice was submitted to the United States appraiser for information. A customs agent visited his place of business subsequent to the time of entry and examined the files, which were all made available to him. The witness was not present at the time of this visit. In spite of the chemist's analysis, the witness still believed the articles to be papier-mâché articles and that the price he paid represented the correct market value, and on the basis of that belief entry was made. He did not withhold any information from the appraiser, but gave him a copy of the order of purchase and a record of the payments and also a price list. He testified that

he had no intention to deceive the appraiser or misrepresent the value or defraud the revenue of the United States.

On cross-examination, it developed that entry was made by a customs broker on the basis of the purchase price. The witness is not a regular importer, nor does he know anything about the customs requirements of foreign values. He was out of town when the customs agent visited his establishment. He admitted that his partner knew nothing about the foreign value or export value of the imported articles but only what they cost his company, and that he, himself, knew nothing about the value except what was paid for the goods, which he thought was the value for customs purposes.

Mr. Twigger, who was connected with the customs brokerage firm employed by petitioner, testified that he made entry and that he "obtained from the importer the consular invoice and documents on the shipment, ordered it forwarded to Pittsburgh for that clearance, submitted the invoice, in a routine fashion, as it was customary at the time that this entry was filed, and entered the merchandise as it was described on the invoice, as papier-mâché figures, * * *." He also submitted a submission sheet to the appraiser prior to entry. Said submission sheet was admitted in evidence as petitioner's exhibit 1. He also testified that petitioner's file was turned over to the customs agent and that he, himself, did not withhold information from the appraiser nor did he intend to deceive him in any way or misrepresent the value of the goods or defraud the revenue of the United States.

On cross-examination, this witness admitted that the submission sheet (exhibit 1) showed that the appraiser had no information available as to value; that, aside from talking with his client, he made no effort to ascertain the proper dutiable value of this merchandise; and that the only information which he had was a copy of the order for the goods, showing the price paid for the same. He admitted that he had been a customs broker for 6 years and that, when he was informed that the appraiser had no information, he was requested to obtain information as to value, but he made no effort to obtain the market value in Italy; that the reason he did not make such effort was that he was not the importer; and that he made every effort to obtain the information through the importer.

The rule in remission cases, which was established in the case of *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453, has been adhered to by this court and the Court of Customs and Patent Appeals. It was there established that a petitioner, seeking remission of additional duties, must show (1) that, in undervaluing his merchandise, he was acting in entire good faith; (2) that no facts or circumstances were known to the petitioner when he made entry that would cause a prudent and reasonable person to question the correctness of the values given by him; and (3) that a full disclosure was made to the collector in making the entry of all material facts within his knowledge and possession relative to the value of the imported merchandise. In the instant case, the importer was put on notice that his values should be investigated by the return of the submission sheet without information. Nevertheless, he did nothing to verify the values. In the case of *United States* v. *Aug. F. Stauff & Co.*, 25 C. C. P. A. (Customs) 215, T. D. 49306, and *United States* v. *Edward H. Corrigan*, 38 C. C. P. A. (Customs) 26, C. A. D. 434, the court held that when a submission sheet is returned without information it is tantamount to notice that a further investigation to ascertain the correct dutiable value of merchandise is essential.

Upon this record, we are unable to find that the petitioner has brought itself within the principles of the decided cases. The petition is, therefore, denied.

Judgment will be rendered accordingly.