BEFORE THE THIRD DIVISION, JANUARY 5, 1956

**No. 59639.**—Rustam K. Kermani Company *v.* United States, petition 7180–R (New York).

EKWALL, Judge:   This is a petition seeking remission of additional duties assessed upon certain oriental rugs imported from Iran and entered at the port of New York on May 17, 1951.   From the testimony of the owner of the importing company, it appears that the importer, petitioner herein, entered the merchandise after having submitted the invoice to the appraiser and after having had a number of conferences with said appraiser as to the proper value at which to make entry.   The appraiser informed the petitioner that he intended to raise the value by 25 per centum.   To this, the importer agreed and amended his original entry accordingly.   By so doing, he testified that he believed he was entering at the figures which had been agreed upon.   The official papers show that the appraiser accepted the invoiced sizes of the imported rugs in feet and inches but made appraisement on the basis of invoice unit prices per zar, as shown on the commercial invoice, plus certain charges, plus 25 per centum.

The issue before us is whether or not petitioner has met the burden of proving that in making entry such good faith was exercised as is required by the statute. *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. (Customs) 356, C. A. D. 41.

We are not here concerned with the proper value of the goods but with the intent of the petitioner in making entry. The record shows that the importer conferred with the appraiser as to the proper values at which to enter the merchandise and accepted the figures which he understood to be the values acceptable to the appraiser, i. e., an increase of 25 per centum over the invoice values, which amounts he used in his amended entry. We, therefore, find and so hold that the petitioner has met the requirements of satisfactory proof of good faith under the rule established in *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453.

The petition is, therefore, granted and the motion of Government counsel to dismiss the petition because of a failure to make out a *prima facie* case is denied.

### DISSENTING OPINION

DONLON, Judge: The remission which petitioner seeks is authorized by statute only by order of this court on a finding of good faith, a finding in which I cannot join on the record here presented. Such finding should rest on some affirmative evidence and not a mere self-serving declaration.

All of importer's evidence was as to his cooperation with the examiner in amending the unit value of the merchandise, in this case, persian rugs. The unit value, whether in rials or converted into dollars, is not the issue. The entry error that gave rise to the additional duties for which remission is sought is the error—corrected in the appraisement—petitioner made in entering these goods at a rial unit price per square foot, rather than a rial price per zar. The importer's appeal for reappraisement having been abandoned, no issue as to the correctness of this appraisement is before the court. Moreover, in this proceeding for remission of duties, there was no testimony concerning knowledge or understanding on petitioner's part with regard to the zar as the unit of quantity to which the rial value is applicable in valuing persian rugs.

At the close of petitioner's case, respondent moved to dismiss the petition for failure to make a *prima facie* case. For the reasons set forth, the motion should be granted.