BEFORE THE FIRST DIVISION, MARCH 9, 1956

**No. 59756.**—F. W. Myers & Co., Inc. *v.* United States, petition 7183–R (Ogdensburg).

MOLLISON, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930, as in force prior to amendment, praying for the remission of additional duties accruing by reason of undervaluation on entry of certain crating material imported from Canada.

From the record made at the trial, it appears that the merchandise was sold by a Canadian firm located in Quebec to an American firm located in Buffalo, N. Y. The petitioner is a customhouse broker who made entry at the border, but the record does not disclose whether his principal was the exporter or the importer.

It was the understanding of the office manager of the customhouse broker, who prepared and filed the entry involved herein, that the merchandise had been sold at a price which included the duty charges, but there is nothing to show that the parties to the transaction knew or had any idea what those charges might be. The merchandise was entered by the petitioner as manufactures of wood, not specially provided for, dutiable at the rate of 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified. In making such entry, the office manager of the petitioner deducted from the invoice value the amount of the duty charges.

The merchandise was advisorily classified by the appraiser as entered, but the value was advanced by that officer to a figure approximating the invoiced value. An appeal for reappraisement was filed, but, for some reason not stated at the trial, was subsequently abandoned, resulting in the additional duties here sought to be remitted.

At the trial of the petition, the office manager of the petitioner testified that he made a mistake in entering the merchandise under the provision for manufactures of wood and indicated that he should have entered it as entitled to free entry as lumber, not further manufactured than planed, and tongued and grooved, not specially provided for, under paragraph 1803 of the said tariff act, and subject only to tax or duty at the rate of $1.50 per thousand feet, board measure, under the provisions of the Internal Revenue Code, as modified. He also indicated that he believed that he should have deducted from the invoice value only the comparatively small amount of tax or duty which would have been assessable upon lumber, as distinguished from the larger amount assessable upon manufactures of wood.

As indicating the good faith of the petitioner, there were offered and received in evidence without objection as collective exhibit 1 copies of letters written by the office manager of the petitioner to the exporter, requesting information as to cost of production of the merchandise here involved. Apparently, the exporter neglected and delayed furnishing the said information, although it appears that the exporter requested that a protest be filed against the assessment of duty at the rate of 16⅔ per centum ad valorem.

A copy of a letter from the exporter to the petitioner, furnishing certain cost figures, was offered and received in evidence as exhibit 2. There is nothing, however, to show that these cost figures ever were, or became, a factor in the petitioner's (or the principal's) determination of the correctness of the entered value.

The files of this court show that a protest, No. 257584–K, was filed within the proper time after liquidation of the entry against the collector's assessment of duty upon the merchandise at the 16⅔ per centum ad valorem rate under paragraph 412. Various claims are made in that protest, ranging from a claim for free entry under paragraph 1803 to 10 per centum ad valorem under paragraph 405. The protest has not yet been called for trial.

We are of the opinion that the record presented is insufficient to warrant a finding in accordance with the prayer of the petition. The petitioner, being a customhouse brokerage firm, presumably acted as the agent for someone in entering the merchandise. The declaration on the back of the entry of nominal consignee or agent, which is signed and notarized, does not name the actual owner for customs purposes of the merchandise, although it declares that the

entrant is not the actual owner of the merchandise. There is nothing to show whether or not an owner's declaration was subsequently filed.

The petitioner claims that the decision to enter the merchandise as manufactures of wood and to deduct the duty charges on that basis was the underlying cause of the undervaluation. The record does not show whether this decision was that of the customhouse broker or of the principal. If the principal failed to supply his agent with sufficient information upon which an intelligent decision could have been reached, it would scarcely seem that a finding in accordance with the terms of the statute could be made. If the determination was solely that of the petitioner or its employees, it would appear that some explanation of the elements entering into it and why it is now believed to have been erroneous should have been given. There is nothing to show that the entry transaction was attended with that degree of reasonableness or prudence which is necessary to success in a remission proceeding. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453.

On the record presented, we are unable to make the finding prayed for, and the petition for remission of additional duties is accordingly denied.