(C. D. 1656)

HOUBIGANT, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 17, 1954)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the petitioner.
*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the respondent.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: This is a petition filed pursuant to section 489 of the Tariff Act of 1930 for the remission of additional duties which accrued by reason of the fact that the final appraised value of the merchandise exceeded the entered value.

The goods in the shipment involved herein consisted of perfumery, lotions, and bottles imported from France on or about June 18, 1952. According to the official papers and the testimony of William Doyle, customs broker, the invoice prices in francs of certain items of packaged perfume equaled $2,093.23. However, entry was made at $2,275, and the items were appraised "at the unit prices per piece in the column marked ⊗ plus cost of packing." The column referred to is headed "Home Price Francs à l'Unité," under which is written in ink "Taxes included." According to the testimony, the total amount of the column was equivalent to $2,765. There is also in evidence a so-called submission sheet, which was filed prior to entry, requesting the appraiser for information as to value. It was returned with the notation "No Information."

At the trial, Marguerite Vredeberg, import manager of Houbigant, Inc., the petitioner herein, testified that when she is advised that merchandise is being shipped from abroad, she sends all papers to the

firm's customs broker, J. E. Bernard & Co., with instructions to have the merchandise released from customs and delivered as soon as possible. She does not confer with customs officials herself but leaves that to the broker. In the instant case, she sent the invoice to the broker with the usual instructions. She noticed that the invoice contained two columns, one being the wholesale price, including taxes, and the other the price which her firm paid. She said that her firm is the sole agent for this merchandise and receives an extra discount of 10 per centum of the prices, less taxes. She explained that the prices that appear in catalogs and price lists include taxes, but that the taxes are rebated by the French Government after the purchaser gets the goods. Under what circumstances such rebate is granted, was not stated.

Mrs. Vredeberg testified that an appeal for reappraisement was taken in the instant case but was abandoned because the difference in duty was slight and because information could not be obtained as to whether or not the taxes were a part of the dutiable value. She said that the broker tried to secure the information from French officials but could not get any answer. She admitted, however, that, between the date on which the submission sheet was filed and the date of appraisal, her firm did nothing to ascertain the correct value of the merchandise. She was asked:

* * * by reason of your experience as an import manager for so many years, didn't you know that where there is a different price for home values than the price at which you invoice them that some investigation should be made to reconcile those two figures?

and replied:

* * * this is the first entry of this particular type of merchandise, on finished perfumes that we had, and we didn't have the right information on that. We could not get any information whether it should be entered at the home price as is or home price less taxes. And for that reason we did not know where we stood on that.

William Doyle testified that he is a customs broker and secretary of J. E. Bernard & Co., which firm has been acting as customs broker for the petitioner for about 15 years. He stated that the entry involved herein was made under his supervision and that, prior to preparing it, he filed a submission sheet but it was returned "No Information." He did not notice that there was a special column on the invoice giving the home market prices, including taxes, but he said he instructs his entry clerks to enter on invoice prices or home market prices, whichever are higher. In the instant case, the invoice prices come to $2,093.23, and he could not explain the entry at $2,275, except that it must have been the result of an error in calculation. It was not the home market price. He said that he was surprised to learn of the advance in value and, subsequently, en-

deavored to obtain information from the French consulate as to the applicability of the taxes to the home market value, but no replies were received. He "came to the conclusion that the amount was somewhat negligible as compared to the amount of the penalty, which really was what we were concerned about."

Mr. Doyle stated that all the facts available were submitted to the appraising officers; that there was no concealment of any pertinent fact; and that he did not receive any information prior to entry that would indicate that the entry should have been made at the home market price. He admitted, however, that the invoice contained information showing that there was a higher home market value. He stated also that his investigation, after appraisement, was concerned only with the taxes, not with value; that he could not tell from the statement on the invoice whether the taxes were included in the home market value; that he had no reason to investigate the correctness of the value before appraisement; and that it was not until after the advance was made that he learned of the oversight on the part of the entry clerk.

The issue in remission cases is not whether the record affirmatively shows that the petitioner entered the merchandise in bad faith, but whether it has met its burden of proving that in making the entry such good faith was exercised as is required by the statute. *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. (Customs) 356, 359, C. A. D. 41. Ignorance of the law or lack of knowledge of the true value of the goods cannot of themselves be accepted as excuses or reasonable ground for remission. *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392.

In the instant case, the petitioner knew from statements on the invoice that there was a home market price higher than the price paid. Nevertheless, entry was made at a lower value. Moreover, the petitioner knew that it received a special discount of 10 per centum of the list prices, less taxes. There is some evidence in the record that, after appraisement, the petitioner or its broker became concerned about the inclusion or exclusion of the taxes in the dutiable value, but no inquiry was made as to the prices at which the merchandise was freely offered to all purchasers.

The only attempt made prior to entry to ascertain the correct dutiable value was the request filed with the appraiser, which was returned "No Information." It has been held that the return of a submission sheet with no information is sufficient to put a broker on notice to make a further investigation as to value before making entry. *United States* v. *Aug. F. Stauff & Co.*, 25 C. C. P. A. (Customs) 215, T. D. 49306; *United States* v. *Edward H. Corrigan*, 38 C. C. P. A. (Customs) 26, C. A. D. 434. In the instant case, no additional inquiry was made at the time, and the merchandise was entered at an

unexplained value, which may have been due to error or which may have been what the entry clerk thought was the correct value. The carelessness of an employee does not excuse the performance of a duty incumbent upon the employer. *United States* v. *Pacific Coast Feather Company (Geo. S. Bush & Co., Inc.)*, 40 C. C. P. A. (Customs) 141, C. A. D. 510.

The requirements to be met in remission cases were set forth in *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, 591, T. D. 41453, as follows:

* * * Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief: First, He must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the correctness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

This rule was recently quoted with approval in *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, C. A. D. 507, in a case where the petitioner had possession of two invoices, one of which quoted a higher home consumption price than the other, but entry was made at the lower value. The court denied the petition for remission, stating (p. 126):

* * * He [the petitioner] was not interrogated as to his actual knowledge or lack of knowledge of market prices and values and their place in entering merchandise, but he did have in his possession a paper reciting a current foreign market price, which constituted a foreign value in excess of the value at which the merchandise was entered. It may be agreed that he did not himself understand the significance of the situation, but surely it must be held that the information in the official papers in his possession was sufficient to render it imperative, under the authorities, for him to make inquiry. Prudence required it. Surely it has not been shown that there were no facts or circumstances known to petitioner when the entry was made which would cause a prudent and reasonable person to question the correctness of the values given by him. In the decision of the *Wolf & Co.* case, *supra*, such a negative showing was declared to be a "must."

Likewise, in the instant case, there were facts and circumstances known to the petitioner when entry was made which would have caused a reasonable and prudent person to question the correctness of the value given by him. It is the duty of the entrant of merchandise to inform himself as to the correctness of his representations as to value, and a showing of indifference does not meet the requirements of the statute. *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, 111, C. A. D. 70. Evidence that the entrant represented that his goods had a certain value when he had no reasonable grounds for believing his representations to be true does not corroborate his denial of an intent to defraud the revenue, or to conceal, or

misrepresent facts, or to deceive the appraiser. *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, 336, T. D. 41250.

In the instant case, the petitioner did nothing to inform itself of the correct value of the merchandise, although it knew it was receiving an extra discount and that there was a higher home market value stated on the invoice. It represented a certain value to be true when there were reasonable grounds to question that value. Under these circumstances, the petitioner has not met its burden of showing by satisfactory evidence that, in entering the merchandise at a value less than the appraised value, it was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser. Accordingly, the petition is denied and judgment will be entered for the respondent.