MARY G. HUTCHINSON *v.* UNITED STATES

No. 8130.—

Entry No. 474–C.

(Decided June 16, 1952)

*Lawrence, Tuttle & Harper (George R. Tuttle* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster* and *Chauncey E. Wilowski*, special attorneys), for the defendant.

JOHNSON, Judge: The merchandise in this case consists of silver articles and various other articles imported from Mexico. The articles were invoiced and entered at the same values. The appraiser, however, substantially advanced each item in value.

At the trial it was shown that the plaintiff was the broker who filed the reappraisement as agent on behalf of Juan Acosta; that the Mexican broker who had prepared the consular invoice could not be located, and the sellers of the merchandise, two Rozanes brothers, were both mentally incapacitated and had been inmates of a sanitarium for some years.

Inasmuch as the reappraisement had been continued from time to time since 1947 in the hope that evidence of the proper values could be procured and no solution had been reached after a period of 5 years, the case was ordered submitted on the record.

The evidence in the record as to value consists of an affidavit of the Mexican broker to the effect that he felt certain the prices upon the invoice were the correct prices for which the merchandise was sold. Such evidence is clearly insufficient to overcome the presumption of correctness of the finding of value made by the United States appraiser. I therefore find that the appraised values represent the value of the merchandise for duty purposes.

Judgment will therefore be entered in favor of the Government.