No. 59757.—Mary G. Hutchinson v. United States, petition 6935–R (San Diego).

WILSON, Judge: This is a petition for the remission of additional duties filed pursuant to section 489 of the Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain miscellaneous merchandise, including jewelry, earthenware, and clay figures, imported from Tijuana, Mexico, on April 1, 1946.

Entry of the merchandise was made by the petitioner herein, a customhouse broker, as nominal consignee for the account of one Juan Acosta, as ultimate consignee, at San Ysidro, Calif., on April 3, 1946, at certain stated prices covering the various items under consideration.

Appraisement of the merchandise was made on September 3, 1946, at substantially higher values than those at which entered. The appraised values were sustained on an appeal to reappraisement. (*Mary G. Hutchinson* v. *United States*, 28 Cust. Ct. 683, Reap. Dec. 8130.)

Mary G. Hutchinson, the petitioner herein, testified that she had been engaged as a customhouse broker for 16 years prior to the involved importation. It appears that, upon arrival of the merchandise, the importer was informed by the collector that a consumption entry was required for the goods, inasmuch as the invoices indicated a value of more than $100. The consignee was further advised to engage the service of a customs broker to facilitate entry of the merchandise, whereupon the importer requested the petitioner to make entry of the goods. Petitioner's clerk thereupon informed Mr. Acosta that, before the petitioner would undertake the business of making entry, a consular invoice would be required. Thereafter, pursuant to petitioner's suggestion, the importer contacted a Mr. Carlos Gonzales at Tijuana, Mexico, who interviewed the sellers of the merchandise with regard to prices for the goods (R. 6), and thereafter prepared the consular invoice covering the shipment. Subsequently, on the basis of the prices stated therein, entry of the merchandise was made by the petitioner. It further appears that one Samy Rozanes was the seller of the jewelry covered by this shipment and that the seller of the clay and earthenware merchandise involved was one Gustavo Beruben.

Petitioner testified that Mr. Gonzales informed her that the prices given for certain earthenware and clay figures involved in the shipment were in error. The record discloses that, as to this merchandise, amendment of the pertinent entry was made on April 29, 1946. The item amended relates to the clay figures,

which were originally entered at a value of $23, the amended value being $42, the broker having added $18.92 to make market value.

However, as to the merchandise sold by Rozanes, it does not appear that amendment of the items there involved was made, the petitioner stating in this connection, "I really don't remember" (R. 6).

Petitioner further testified that she had been informed by the importer that he had made inquiry of the seller Rozanes relative to the prices for such goods sold by him. A letter (petitioner's exhibit 1), purportedly received by the petitioner from Mr. Rozanes, dated October 2, 1946, states, with respect to the pertinent merchandise, that the prices appearing on the consular invoices therein under date of April 2, 1946 "are the prices for which we sold at wholesale" (R. 8).

On cross-examination, petitioner admitted that she did not consult the customs examiner as to the value of the involved merchandise (R. 11).

The Government called as its witness LeRoy B. Powers, formerly connected with the customs service, who, in his official capacity, had visited the importer's place of business subsequent to appraisement of the merchandise, for the purpose of obtaining information relative to the value of the goods in question. His testimony had no bearing toward establishing the proper value of the merchandise, but mainly indicated an unsuccessful attempt to obtain from the importer certain invoices allegedly in the latter's possession and claimed to show higher prices for the involved goods than those at which the merchandise was entered (R. 11–15).

Section 489 of the Tariff Act of 1930, so far as pertinent, reads:

SEC. 489. ADDITIONAL DUTIES.

* * * Such additional duties * * * shall not be remitted * * * except * * * in any case upon the finding of the United States Customs Court, upon a petition filed * * * and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

The issue to be determined, as in similar cases involving the construction of section 489, *supra*, is the good faith of the entrant. It is not a question as to whether the record affirmatively shows that petitioner entered the goods in bad faith, but the question is whether or not it has met its burden of proving that, in making entry of the merchandise, such good faith was exercised as is required by the statute. *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. (Customs) 356, 359, C. A. D. 41. In our opinion, the petitioner has failed to sustain the burden of satisfactory proof of good faith imposed under the statute.

When, in April 1946, petitioner was informed by Mr. Gonzales, who prepared the consular invoice, that the prices for the earthenware and clay figures shipped by the seller Beruben were incorrect, said petitioner should have been put on inquiry as to the proper values for the other items involved in the shipment, i. e., the merchandise sold by the shipper Rozanes here in question.

The record is silent, however, as to what affirmative steps petitioner took to ascertain the market value of the merchandise. There is no showing that petitioner made inquiry of the importer, Acosta, the actual owner of the merchandise, as to the proper value of the goods sold by Rozanes. She merely accepted, without question, the prices supplied by Mr. Gonzales and entered the involved merchandise on that basis. Further, the record fails to show that, during the interval between the date of entry on April 3, 1946, and the date of appraisement on September 3, 1946, petitioner endeavored to ascertain the value of the goods from either the importer or the sellers of the merchandise in question.

As an experienced customs broker, petitioner knew the duty imposed under the statute of entering merchandise at its correct value. The indifference ex-

hibited by the petitioner as to the proper value of the goods, as is disclosed by the record herein, does not meet the requirements of satisfactory proof which will support petitioner's application for remission under the statute. *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392; *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70.

It has been held that, where the evidence shows that entry was made by customhouse brokers as nominal consignees, upon information obtained from the actual importer and ultimate consignee, but there is nothing to show that the latter made any effort to ascertain the value at which the merchandise should have been entered, a petition for remission is not supported by satisfactory evidence and must, therefore, be denied. *Ittmann Bros.* v. *United States*, 73 Treas. Dec. 529, T. D. 49481.

Further, where entry of merchandise has been made by an agent and remission of additional duties is later sought, it is essential to establish the good faith of the principal as well as that of the agent. *Ittmann Bros., supra*. It appears that, in the present case, an owner's declaration was filed at the time of entry, thus relieving the customs broker from liability for payment of additional duties. Under the circumstances, the petitioner herein is the agent of the actual shipper and importer, Acosta. *National Carloading Corp. et al.* v. *United States*, 16 Cust. Ct. 138, C. D. 1001. The record in the case at bar fails to establish what efforts, if any, the importer made to ascertain the proper value of the merchandise. As a matter of fact, the importer of the involved goods did not testify, and there is nothing upon which to base a finding that, at the time of entry, he knew of no other value for these goods different from that at which entry was made.

It appears significant also to observe that the invoices covering the merchandise were not produced in evidence to establish the correct market value for the goods. Whether or not the production of these invoices, *per se*, would have been sufficient to grant the petitioner the relief here sought, suffice to say that it was incumbent upon the petitioner, as part of the *prima facie* case, to show that the principal, as well as the agent, knew of no other value at the time of entry than that at which the goods were entered.

There appears to be no question but that the importer, Acosta, knew the true price for the goods, and petitioner's failure to make inquiry of the actual owner of the merchandise or any one else as to its proper value demonstrates a lack of good faith and of the prudence required under the statute to warrant granting relief. *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453.

Upon the entire record herein, we are of the opinion and find that the petitioner in this case has failed to meet the requirements of the statute by satisfactory proof. The petition is denied and judgment will be entered accordingly.