(C.D. 2193)

STEELMASTERS, INC. *v*. UNITED STATES

United States Customs Court, Second Division

(Decided July 27, 1960)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the petitioner.

*George Cochran Doub*, Assistant Attorney General (*Margaret M. Vallerie*, trial attorney), for the respondent.

Before LAWRENCE, RAO, and Ford, Judges

LAWRENCE, Judge: This is a petition for the remission of additional duties, filed pursuant to section 489 of the Tariff Act of 1930 (19 U.S.C. § 1489), as it existed prior to the amendment thereof by the Customs Simplification Act of 1953 (67 Stat. 507).

Involved in this proceeding are eight entries of vitrified chinaware exported from Germany in which the final appraised value exceeded the value declared upon entry.

At the trial of this case, Arthur Scholder was called to testify on behalf of the petitioner, and identified himself as vice president of Steelmasters, Inc., petitioner herein, since 1945. The business of his company is the importing of general merchandise, including chinaware. He is in charge of all European purchases and, in the course of business, he made repeated trips to Europe and spent about 6 months of each year abroad.

Scholder stated that, at the time of importation, he entered the merchandise covered by the eight entries at the invoice value because that was the negotiated price at the factory and the price which was actually paid for the merchandise. After his company had established a good business in selling vitrified chinaware to chainstores and mail-order houses, it was advised by the supplier of a price increase. Petitioner's company could not absorb this increase, and, after negotiations, an agreement was made whereby his company would pay the same prices as had previously been paid but that it would accept second-quality merchandise rather than first-quality merchandise. Although there is nothing appearing on the instant invoices to indicate whether the importations were first- or second-quality goods, the matter was the subject of many discussions between his company and the appraising authorities.

It was Scholder's testimony that he was aware of the fact that appraisement had been withheld pending inquiry by the appraiser's office. He stated that he had taken steps to ascertain whether the entered value was the dutiable value, and, in connection with his efforts, he was in constant communication with the appraiser on the question of the proper value of these goods.

Scholder testified that there was an honest difference of opinion between his company and the appraiser as to whether the chinaware in question was first- or second-quality goods. In order to support its position, Scholder obtained a certification from the factory which was submitted to the appraiser prior to that official's final action. A copy of the certification was received in evidence as petitioner's exhibit 1, and is corroborative of Scholder's statement that the imported vitrified chinaware was second-quality merchandise.

Scholder admitted that the appraiser had given him a notice of intention to appraise at a higher value, but, on the advice of petitioner's customs broker, Joseph Pilcer, since deceased, amendment was not made for the reason it was felt that the merchandise had been entered at its proper value.

After final appraisement, an appeal for a reappraisement was filed with this court and prosecuted, but the decision was unfavorable to the importer.

In the case of *Stan Newcomb and Barbara Todd* v. *United States*, 37 C.C.P.A. (Customs) 18, C.A.D. 413, our appellate court, in a studied opinion on the duties devolving upon a petitioner in proceedings such as is now before this court, quoting from *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T.D. 41453, stated—

* * * Summarized, these adjudged cases announce certain fundamental facts which the petitioner must establish if he is to obtain relief; First, he must show that in undervaluing his goods he was acting in entire good faith; second, that there were no facts or circumstances known to the petitioner when he made his entry which would cause a prudent and reasonable person to question the cor-

rectness of the values given by him; third, that he has made to the collector in making his entry, a full and candid disclosure of all the material facts in his possession bearing upon the value of the merchandise imported.

From the record before the court in this case, it is evident that petitioner acted in entire good faith; that the difference between the entered value and the appraised value of the imported chinaware was attributable to an honest difference of opinion between the importing company and the appraising authorities as to whether the merchandise was first- or second-quality merchandise; and that the petitioner made a full and candid disclosure of all of the material facts in its possession bearing upon the value of the merchandise imported.

It is our opinion, therefore, and we so hold, that the entry of the vitrified chinaware in issue at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. Accordingly, the petition is granted.

Judgment will be entered accordingly.